## CHANDLER *vs.* LAWRENCE.

Under the 10th section of the Schedule of the amended Constitution, vesting in the Circuit Courts and the District Court of the Upper Peninsula, jurisdiction of suits and proceedings commenced in the County and Circuit Courts for the several counties, said Circuit and District Courts are empowered to give effect, as far as may be compatible with their organization and the mode of proceeding therein, to all the provisions of law relating to such proceedings. The Circuit Court may, therefore, in a suit originally commenced in the County Court against several, allow a discontinuance as to one or more defendants.

The endorsement of a partial payment upon a promissory note, written by the party sought to be charged thereby, is competent evidence of such payment, to take the case out of the statute of limitations.

The admission of the defendant, as well as any other competent parol evidence, is admissible under the statute to prove the fact of part payment on a demand, to take the case out of the statute.

In a suit against one of several makers of a joint and several promissory note, it is unnecessary to prove its execution by the maker not sued.

Error to Macomb Circuit.

This cause was commenced by Lawrence, in the Macomb County Court, against Chandler, the plaintiff in error, and Lucretia Harris and Harvey Brown, upon a joint and several promissory note, made by Chandler, Harris and Brown. On the note were two endorsements of payment, in the *handwriting of Chandler*, although not signed by him.

The declaration was originally against all the makers, and was served on Chandler only, the other makers being non-

residents. Chandler alone appeared, plead the general issue, and gave notice that he should show on the trial that the said supposed causes of action in the plaintiff's declaration mentioned, did not, nor did either of them accrue at any time within six years next before the commencement of the suit, &c. The cause came on for trial at the Macomb Circuit, September term, 1852. On the trial, on motion of the plaintiff by leave of the Court, and under objection by defendant's attorney, the declaration was amended. The amended declaration was against Chandler only, and contained two counts—one alleging him to be one of several makers of the note, and the other that he was the maker of the note. Various exceptions were taken on the trial to the introduction of evidence on the part of the plaintiff (below), tending to prove a new promise, and a judgment, which appear in the opinion of the Court.

*R. P. Eldredge*, for plaintiff in error.

The discontinuance by defendant of the suit as against Harris and Brown, was a discontinuance as to all parties; and all subsequent proceedings in the cause were irregular and erroneous. (*Bank of Auburn* vs. *Knapp*, 9 *Wend.* 433; *Hall* vs. *Rochester*, 3 *Cow.* 374; *Hartness* vs. *Thompson*, 5 *J. R.* 160; *U. S.* vs. *Linn*, 1 *How.* 104; *Tolman* vs. *Spalding*, 3 *Scam.* 13; 17 *Pet.* 88; *Klinger* vs. *Brownell*, 5 *Blackf.* 332; *Noke* vs. *Ingham*, 1 *Wills.* 89; *Boyle* vs. *Webster* et al., 10 *E. L. & E. R.* 394; *Morton* vs. *Croghan*, 20 *J. R.* 122; 1 *Chit. Pl.* 546; *Tidd*, 632.

"The plaintiff below to sustain his action must show a joint contract made by all, and a plea by one to the action of the writ enures to the benefit of all the defendants." (1 *Chit. Pl.* 31, 32; *Sheriff* vs. *Wilks* et al., 1 *East.* 52; *Gray* vs. *Palmer*, 1 *Esp. R.* 135.) "That the note was a joint and *several* note makes no difference. The defendant elected to

proceed against all the defendants; and for the purposes of this question the demand must be treated as a joint one."

The filing of a new declaration against the plaintiff in error was not an amendment of the original declaration.

An amendment could not be made which would introduce a new cause of action. In actions *ex contractu*, no amendment could be made which would change the parties to the suit. (*R. S.* 1846, *chap.* 104, §§ 1, 2, *p.* 417; *Bouv. L. D., p.* 105; *Web. Dic.* 35; *Willis* vs. *Crooker*, 1 *Pick.* 203; *Vancleef* vs. *Therasson* et al., 3 *Pick.* 12; *Ball* vs. *Claflin*, 5 *Pick.* 303; *The People* ex rel. *John Drew* vs. *Judges C. C. W. Co.*, 1 *Doug.* 434; *Far. & Mech. Bank* vs. *Israel*, 6 *Serg. & Rawle*, 294; *Morton* vs. *Fairbank*, 11 *Pick.* 368; 3 *U. S. Dig.* 149.)

There was error in allowing the two indorsements on the note, and the testimony of Robertson to be given in evidence, for the purpose of proving an acknowledgment or part payment. (1 *Chit. on Cont.* 829; 3 *Kinnie*, 212; *Waterman* et. al. vs. *Burbank*, 8 *Metc.* 352; *Hancock* vs. *Cook*, 18 *Pick.* 30; 2 *Corks* vs. *Weeks*, 7 *Hill*, 45; *Manning* vs. *Wheeler*, 13. *N. H. R.* 486; *Smith* vs. *Westmoreland*, 12 *Sm. & Mar.* 663; 9 *U. S. Dig.* 325, § 125; 1 *Pet.* 360.)

It was error to allow the note in evidence without proving the hand-writing of Harris & Brown.

*Terry & Robertson*, for defendant in error.

1. The Court properly allowed the plaintiff below to amend his declaration so as to declare against Chandler alone. (*R. S., p.* 471, §§ 1, 6; *Borst* vs. *Griffin*, 9 *Wend.* 307; 1 *U. S. Digest, p.* 145, § 29; *Willson* vs. *King*, 6 *Yerg.* 493; 4 *U. S. Dig., p.* 103, § 125; *Toby* vs. *Claflin*, 3 *Sum.* 379; *Finney* vs. *B. C. Ins. Co.*, 8 *Metc.* 348; *Colcord* vs. *Swan*, 7 *Mass.* 291; *Parsons* vs. *Plaisted*, 13 *Mass.* 189; 7 *U. S. Digest, p.* 34, § 26.)

2. There was no error in permitting the plaintiff below to

give the note in evidence upon proof of the signature of Chandler only. (1 *Chit. Pl.* 43; 2 *Ib.* 116, *note k; Chit. on Bills,* 7 *ed.* 346; 1 *B. & A.* 224; 4 *Camp. R.* 34; 2 *Greenl. Ev.,* § 159.)

3. The Court properly admitted the indorsements of payment in the hand-writing of Chandler to be given in evidence, the evidence of the witness as to the hand-writing, and the admissions of Chandler as to the object of making the payments. It was not necessary that the indorsement should be signed by Chandler. It is sufficient that they are in his hand-writing. He was not the person to be benefitted within the meaning of the statute, by the indorsements or payments. They were for the benefit of Lawrence only. The statute contemplates an indorsement by the holder of the contract, when it provides that such indorsement shall not be sufficient proof of payment. (*R. S.* 1838, *p.* 578, § 17.) Any kind of proof allowable by the general rule of evidence may be resorted to, subject to the restriction mentioned in the section cited. The testimony as to Chandler's admission of payment was competent. The third section of Lord Tenterden's act (so called) is precisely like a corresponding section in the revision of 1838, except that our statute expressly provides that nothing shall take away or lessen the effect of any payment, &c. (*Angel on Lim. App.* 149; *R. S.* 1838, *p.* 578, § 17.) This statute leaves the kind or quantum of evidence required to establish a part payment to be determined by the general rules of evidence in existence at the time of its adoption, subject only to the restriction in the latter part of the section. (*Angel on Lim., p.* 262, § 2; 2 *Greenl. Ev.,* § 444; *Whitney* vs. *Bigelow,* 4 *Pick.* 110; 5 *Ib.* 54; *Hancock* vs. *Cook,* 18 *Ib.* 30, 33 ; *Manderston* vs. *Robertson,* 4 *M. & Ry.* 440; *Ilsley* vs. *Jewett,* 2 *Metc.* 168; *Wenman* vs. *Mohawk Ins. Co.,* 13 *Wend.* 267; *Rose* vs. *Bryant,* 2 *Campb.* 321; *Roseboone* vs. *Billington,* 17 *J. R.* 182; *Read* vs. *Hurd,* 7 *Wend.* 408; *Law Reporter, Sept.,*

1852, 283; 3*d Kinne Law Com.* 212; *Chit. on Cont.* 829; *Eastwood* vs. *Sackville*, 9 *M. & W.* 615; *Williams* vs. *Gridley*, 9 *Metc.* 482.)

The only case to be found containing any opposite doctrine is the case of Willis *vs.* Newman, 3 Y. & J. 518, cited by Angel, p. 307; and in a note on the same page taken from the Lond. Law Mag., the case is denied as authority.

By the Court, Green, P. J.

This suit was commenced in the County Court of Macomb County, in June, 1851, by filing declaration, but was tried in the Circuit Court for said county, at the September term of 1852. Whether it was transferred from the County Court into the Circuit Court, by election of one of the parties, or by virtue of the 10th section of the schedule of the new Constitution, the record does not show. If the transfer was by election, the question is free from all doubt. The " act to consolidate the laws in relation to County Courts, and for other purposes," approved April 2, 1849, § 54, provides, that " when an action founded upon contract is brought against several persons, the plaintiff may be allowed, at any time before judgment, to discontinue as against any of the defendants, upon such terms as the Court shall direct, and a verdict may be taken for or against any one or more of the several defendants."

By the amendatory act of June 28, 1851, (*Laws* 1851, *p.* 322,) authorizing the removal of causes from County Courts to Circuit Courts, by election of one of. the parties, it is provided that neither party shall lose any rights by such transfer which he would have had if the same had been tried in the County Court, &c. If, therefore, the cause was transferred by election, it is clear that the plaintiff had the right to discontinue as against any of the defendants, and that the Circuit Court had the same power to allow such discontinuance that the County Court would have had under the act of 1849.

34

The 10th section of the Schedule before referred to provides that on the first day of January, in the year 1852, " the jurisdiction of all suits and proceedings, at law and in equity, then pending in the Circuit Courts and County Courts for the several counties, shall become vested in the Circuit Courts of the said counties, and the District Court of the Upper Peninsula."

Under this latter provision, the Circuit Courts, from the first day of January, 1852, and *without* any further legislation, assumed and exercised jurisdiction of all suits and proceedings then pending in the County Courts, and have given effect, as far as was compatible with the organization and mode of procedure in the Circuit Courts, to all the provisions of law relating to such suits and proceedings in the County Courts, and we have no doubt that such is the true construction of the provision conferring the jurisdiction in question upon the Circuit Courts.

The action in this case was upon a joint and several promissory note, and presented a proper case in which to allow a discontinuance as to any one or more of the defendants, at the instance of the plaintiff.

The Court below did not err in admitting in evidence the two indorsements upon the note, in the hand-writing of Chandler, and in receiving the testimony of Robertson to prove the admission of Chandler that the indorsements were in his hand-writing, and that they were made for the purpose of renewing the note. Section 17, of chap. 2, title 6, part 3, of the R. S. of 1838, which corresponds with section 17, of chap. 140, of the R. S. of 1846, reads as follows: " Nothing contained in the four preceding sections shall alter, take away, or lessen the effect of a payment of any principal or interest made by any person; but no indorsement of any such payment, written or made upon any promissory note, bill of exchange, or other writing, by or on behalf of the party to whom such payment shall be made, or purport to be

made, shall be deemed sufficient proof of the payment, so as to take the case out of the operation of the provisions of this chapter."

One of the four preceding sections referred to is the 13th, which requires that an acknowledgement, or new promise, shall be in writing, signed by the party to be charged thereby, in order to be effectual as evidence to take a case out of the operation of that chapter.

Section 17 assumes that a payment of any principal or interest of a debt, is sufficient of itself, without any written promise or acknowledgment to take a case out of the statute; and that an endorsement upon a promissory note, written by the party to whom the payment purports to be made, is not incompetent as evidence, but declares that it shall not be deemed *sufficient* proof of the payment. It cannot, then, be doubted, that an endorsement of payment made by the party sought to be charged thereby, is competent, and may be sufficient evidence, unrebutted, to prove such payment.

Our statute of limitations, so far as it affects the question now under discussion, is a literal transcript from the R. S. of Massachusetts of 1836, Ch. 120, § 13 to 17, inclusive. In the case of Williams *vs.* Gridley, (9 *Metc.* 482,) Dewey, J. reviews the English authorities upon this question, and arrives at the conclusion that the admission of the defendant, or any other competent parol evidence, is admissible under the statute to prove part payment, in order to take the case out of the statute. In this construction of the statute we fully concur.

Proof of the signature of Chandler to the note, was sufficient, without proving its execution by the other several makers. The issue was upon the several promise of the defendant below, and the plaintiff sustained that issue on his part, by showing that the defendant executed the note. (2 *Chitty's Pl.* 116, *note R, Springfield ed.* 1847.)

The judgment of the Circuit Court must be affirmed, with costs to the defendants in error.