## William Mercer v. The Lowell National Bank.

*Justice's courts: Adjournments: Discretion.* In a suit commenced by attachment in a justice's court an adjournment of the cause, against the protest of the defendant, to the same day and hour for which the hearing of a motion to dissolve the attachment before a commissioner, at a considerable distance, in another, and not even adjoining township, had before been fixed, and the refusal on such adjourned day to grant a further adjournment on a showing that both the defendant himself and other material and necessary witnesses on his behalf were also necessary and material witnesses on the hearing before the commissioner, cannot be justified as an exercise of judicial discretion; for whether the granting of a second adjournment upon good cause shown be discretionary with the justice, or not, such action as was had in this case is held erroneous as a gross and palpable abuse of such discretion.

*Heard April 23. Decided April 28.*

Error to Kent Circuit.

*O. H. Look* and *Hugh McCurdy,* for plaintiff in error.

*John M. Mathewson,* for defendant in error.

CHRISTIANCY, J.

A suit in attachment was brought by defendant in error against the plaintiff in error before one Robert Hunter, a justice of the peace in the township of Lowell, in Kent county, the writ being returnable on the 21st day of July, 1873, at which time the parties appeared before the justice, the plaintiff filed his declaration, and the defendant pleaded the general issue verbally, and reserved the right to file written notice of special matters of defense within three days; and on motion of defendant the cause was adjourned to the 25th July, at 9 o'clock A. M.

In the meantime, after the service of the attachment, and before the return day, viz.: on the 17th day of July, said Mercer, defendant in the attachment, had made application to a circuit court commissioner of the county, at Grand Rapids, for a dissolution of the attachment as provided by the statute, the hearing of which was fixed by the

commissioner for the 22d July at his office in Grand Rapids, and on that day the plaintiff and defendant in the attachment appeared before the commissioner, and the plaintiff made application for a continuance of the hearing, and upon that application the commissioner continued or adjourned the hearing to the 1st day of August at 9 o'clock, A. M., at his office in said city of Grand Rapids, and on the 22d day of July the defendant caused subpœnas to be issued and served upon his witnesses to appear and testify before the commissioner on the hearing of his application on the adjourned day, the first of August.

Such was the position of the two cases (the attachment before the justice and the application for its dissolution before the commissioner), when, on the 25th July, the day to which the cause before the justice had been adjourned, the parties appeared before the justice, and the defendant applied for an adjournment of the cause for two weeks, and made an affidavit as the basis of his motion, showing that he was unable to proceed to the trial of the cause, on account of the absence of material and necessary witnesses, whose attendance he was unable to procure, and also showing diligence in the attempt to procure service of subpœna upon one of the witnesses, and his failure to procure it.    But the justice, before he would grant any continuance, required the defendant to state by further affidavit what he expected to prove by such absent witness, which he did, and asked for the adjournment for two weeks. But the justice refused to grant it for the two weeks as requested, but granted an adjournment to the first day of August at 9 o'clock A. M., the same day and hour to which the hearing of the application before the commissioner had already been adjourned, he being aware of that fact.    And the affidavit presented by the defendant for the adjournment asked for on August 1st, which is a part of the affidavit for the *certiorari* in this case, states, and it was substantially admitted upon the argument here, and is fairly enough inferable from the counter affidavit of

plaintiff's attorney on the 1st of August, that the justice was also notified by the defendant's attorney, before the entry of the adjournment, that the defendant could not attend or be present to try the cause before him on the first day of August, because of the hearing of the application before the commissioner, which was fixed for the same day and hour at Grand Rapids, which was at considerable distance in another and not even adjoining township, and that he requested and urged the justice to grant the adjournment for two weeks. And notwithstanding the formal statement of the justice that "the adjournment from July 25th to August 1st was made without objection, as to the day, on the part of defendant's attorney," it is clear from the whole return, when construed with reference to the affidavit for *certiorari*, the counter affidavit of the plaintiff's attorney (against a continuance) on the 1st of August, and the grounds on which the justice says he refused the adjournment, that he does not mean to deny, and that he virtually admits, that when he, on the 25th of July, refused to give the adjournment for two weeks asked by the defendant, and fixed the time on the 1st of August at 9 o'clock A. M., he was aware of the fact that the hearing of defendant's application before the commissioner had already been fixed for the same day and hour, and that, at least before he entered the adjournment, he was informed that the defendant could not be present before himself at the trial on that day.

On the 1st day of August, however, the defendant himself being present at the hearing before the commissioner at Grand Rapids, appeared by attorney before the justice, and moved for an adjournment of three weeks upon an affidavit made by the defendant the 30th July, and presented and filed on the 1st August, setting forth the facts already stated in reference to the adjournment from July 25th to August 1st, and in reference to the time fixed for the hearing by the commissioner, the necessity of defendant's being present at the hearing before the commissioner,

stating that several witnesses, naming them, were material and necessary for his defense on the trial of the cause before the justice, without whose testimony he could not safely proceed to the trial, and that these same witnesses were also material and necessary for him on the hearing of the matter before the commissioner, and that they had already, on the 22d of July been served with subpœna for their attendance before the commissioner on that day and hour, that the defendant himself is a necessary and material witness on his own behalf on the trial of the cause before the justice, having knowledge of certain material and necessary facts which cannot be proved by any one else, but that he cannot attend before the justice on the trial on the 1st of August, because he is a material and necessary witness in his own behalf on the hearing before the commissioner, at the same hour of the same day, etc.

In opposition to this motion for an adjournment, and in reply to the affidavit of the defendant, the attorney for the plaintiff below made his own counter affidavit and filed it before the justice, stating that he had appeared for the plaintiff and was present when the cause was adjourned on the 25th July upon the defendant's motion and affidavit, " and that there was no *showing by affidavit or any other legal manner*, informing the court at that time that there was any reason why said suit should not be adjourned to this 1st of August," thus, by implication, admitting all the defendant had stated in his affidavit as to the information given to the justice on the 25th, about the hearing to be had before the commissioner at the same hour on the 1st, and that the defendant could not be present before the justice, etc., and admitting, as the justice himself admits in the return, that the defendant on the 25th requested an adjournment for two weeks, which he refused, and granted one only to the 1st of August, at the same hour as the hearing of the matter before the commissioner.   The counter affidavit also states that defendant did not show by affidavit that these witnesses had been subpœnaed to appear

before the commissioner on the 1st of August. It would seem from this counter affidavit of plaintiff's counsel, that he insisted before the justice that the defendant could not complain of the adjourned day having on the 25th of July been fixed for the 1st of August, because, though he may have informed the justice that the hearing before the commissioner was to be had on that day (and that he could not be present, etc.), yet he made no affidavit showing that fact, and did not establish the fact in any legal manner; and he seems to have convinced the justice of the soundness of this reasoning, as the latter states in his return that he denied the motion for adjournment, substantially for the reason set forth in the plaintiff's affidavit.

The adjournment being denied, defendant's attorney abandoned the case, and the justice, upon such proof as the plaintiff saw fit to introduce, rendered judgment against defendant for three hundred dollars damages and sixty-four dollars and thirty-five cents costs, which was removed to the circuit court for Kent county by *certiorari*, and being there affirmed, is brought to this court by writ of error.

The counsel for defendant in error insists that, as neither the adjournment of the 25th July nor the refusal of that asked on the 1st of August was a first adjournment (or an application for such), the question in each instance was one of discretion for the justice to determine, and that his judgment cannot be reversed unless it appears to the court that his action was a clear abuse of that discretion ; and that, whatever may in this respect be the view of the court, as to the adjournment from July 25th to August 1st, the judgment cannot be reversed for any abuse of the justice's discretion as to that adjournment from July 25th to August 1st, as the error assigned relates only to the refusal of the justice to grant the adjournment applied for on the 1st of August, and the decision of the circuit court in holding that refusal legal and valid. And that as to the refusal of the justice to grant that adjournment there was no error,

because, being an application for a subsequent and not a first adjournment, the defendant was bound to show that he had used diligence in procuring the attendance of his witnesses, which it is urged he failed to do; and this we are bound to suppose must have been the view of the statute upon which the circuit court sustained the proceedings. But it is too obvious to admit of any question, that the wrongful action of the justice on the 25th of July in fixing the adjourned day for the 1st of August, was inseparably connected and must be considered with his refusal of the continuance asked on the 1st of August; that this wrongful action created the necessity, and therefore a good and valid cause for the continuance asked on the latter day. It put the defendant in a condition which made it impossible for him, without abandoning his rights in the cause before the commissioner, by any diligence in his power, to have his witnesses before the justice or to be there himself on that day. His affidavit therefore showed all the diligence which the nature of the case required or admitted.

It is not necessary in such a case to determine whether a party clearly showing a good cause for any adjournment after the first, is entitled to it as a matter of right, so that its refusal would be error for which the judgment should be reversed, or whether it is a matter within the judicial discretion of the justice; but assuming, for the purposes of this case, that the fixing of the time for the adjournment granted on the 25th July, and the question of granting that applied for on the first of August, were matters within the judicial discretion of the justice, we are satisfied that no such judicial discretion was exercised on either occasion, but that his action upon both occasions, whether the result of ignorance of his powers or duties, or from some other cause, was a gross and palpable abuse of such discretion, and that, to speak in the mildest terms, as the object of the law is to secure to parties the opportunity for a fair trial, to sanction such abuses, from whatever cause or motive arising,

would be to bring the administration of justice into merited contempt, and make judicial proceedings a stench to the nostrils of honest men.

The judgment of the circuit court and that of the justice must be reversed, and the plaintiff in error must recover his costs in this court and the circuit court, including the costs paid the justice on the removal of the cause from that court.

CAMPBELL and COOLEY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.