# Nelson Sutherland and another v. The First National Bank of Ypsilanti.

*Promissory notes: Maker: Deposit: Holder: Payment.* Where the maker of a promissory note about to mature, and payable at another bank, entrusts the money with which to pay it to his own bankers, who give him credit on their books for the amount, and, sending to the holder of the note for it, receive the note endorsed to their order for collection for such holder; and soon after the note falls due said bankers fail, with the deposit still standing in such maker's name on their books, and the note in their possession, uncancelled and among their collection paper, and without having remitted to the holder, it is held that the note is not thereby paid.

SUTHERLAND *v.* FIRST NATIONAL BANK OF YPSILANTI.

*Promissory notes: Deposit: Agency.* Where the maker, whose duty it is to see that a promissory note is paid at maturity, instead of attending to it himself, entrusts the money to his bankers to do it for him, he thereby makes them his agents: and, if they fail to carry out his instructions, he cannot saddle the loss upon the holder of the note, who has simply sent the note forward endorsed for collection, and for whom such bankers have performed no act of agency in the premises.

*Promissory notes: Endorsement for collection.* Endorsement of a note for collection for the holder passes no title to the indorsee on his own account.

*Promissory notes: Deposit: Agency: Payment.* How far the owner would have been bound had the bankers, having the note for collection and the money of the maker to pay it with, under such circumstances cancelled the note, or changed the credit on their books from the maker to the owner:—*Quære?*

*Heard January 22.    Decided January 26.*

Error to Washtenaw Circuit.

*A. J. Sawyer,* for plaintiffs in error.

*Joslin & Whitman,* for defendant in error.

CAMPBELL, J.

The only question in this case is whether the facts found show the payment of a promissory note.

The note was dated August 1st, 1873, payable in 30 days, at the bank of the defendant in Ypsilanti. The maker lived in Ann Arbor, and on the 4th day of September (which was on the day after the note matured, although by a clerical error the court found it matured on the 6th) he deposited with the firm of Miller & Webster, bankers of Ann Arbor, the amount of the note,—$410,—with instructions to send it to the Ypsilanti bank to pay the note. Miller & Webster deposited the money to the credit of the maker, and gave him credit on their books, and this credit so remained at the time of their subsequent failure and assignment, on the 14th of September.

On the 4th of September, Miller & Webster wrote to the Ypsilanti bank, as follows: "Have you a note for $410 against N. Sutherland? If so, send to us,—Mr. S. requests us to settle it."

On the 6th the Ypsilanti bank enclosed the note to Miller & Webster with a special endorsement for collection,

as follows: "Pay Miller & Webster, or order, for collection for First National Bank of Ypsilanti, Mich.

"F. P. BOGARDUS, *Cashier.*"

Miller & Webster left Sutherland's deposit unchanged, and made no return to the Ypsilanti bank, and left the note among their collection paper, and it was so found by their assignee, from whom it was obtained on the 15th. On the 12th of September the cashier, Mr. Bogardus, writing to Miller & Webster, stated as follows: "I have no returns for note, N. Sutherland, $410, Int. and Exch., County W., $59 91; sent you 6th inst. Please return if unpaid."

Sutherland met Webster between the 7th and 9th of September, and asked him if he had got the note. Webster said he had, and that Sutherland could call and get it. There was no communication between the Ypsilanti bank and Sutherland, during the entire interval.

The court below held there was no payment, and we concur in that view. It was Sutherland's duty to see that the note was paid at maturity, and instead of paying it himself, he entrusted the money to his own bankers, who never applied it. The note was sent to them for a specific purpose, and no title ever passed to them on their own account. They never gave credit on their books to the owner, and never cancelled the note, but treated it as unpaid and uncollected. They simply failed to carry out Sutherland's instructions, and did no act whatever as agents of the bank at Ypsilanti.

We can see no plausible ground for holding the note paid. How far the owner would have been bound if they had cancelled the note, or changed the credit from Sutherland to the bank, we need not consider. They did nothing in the name of the bank, and it cannot be bound except by acts done under the endorsement and agency thereby created.

The judgment must be affirmed, with costs.

COOLEY, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.