CHARLES H. LOCKE v. THE LEONARD SILK COMPANY.

*Justices' Courts—Continuances—Endorsement for Collection—Evidence of Incorporation.*

It is not the practice in justices' courts for the parties to be ready to join issue and proceed at once to trial on the return day of the summons.

The showing for a continuance in a justices' court need not be as complete upon the return day of summons as would be required later in the case.

It is error for a justice to refuse an adjournment on a return day of summons upon a sworn showing that defendant is too unwell to attend to business or leave his house.

Endorsement for collection does not transfer title to the note and its proceeds.

The fact of the corporate existence of a plaintiff company may be found from the testimony of a witness that he could swear, and did swear, from information derived from plaintiffs in doing business for them, and from an examination of what purported to be their articles of incorporation, that it was an incorporated company under the laws of another State.

Error to Wayne.    Submitted Oct. 9.    Decided Oct. 30.

ASSUMPSIT.    The facts are in the opinion.

*Moore & Moore* for plaintiff in error.    It is an abuse of discretion to refuse an adjournment if defendant's child is dangerously ill, *Rose v. Stuyvesant*, 8 Johns., 426, or a witness is absent at another trial, *Mercer v. Lowell National Bank*, 29 Mich., 248.    To show corporate existence there must be proof of articles of incorporation, and of user under them, *Williams v. Bank of Michigan*, 7 Wend., 539.

*E. Y. Swift* and *Hoyt Post* for defendant in error.    Adjournment will not be granted for want of preparation on the part of plaintiff's counsel, *Jackson v. Wakeman*, 2 Cow., 578.    Plaintiff's production of a note on trial is *prima facie* evidence of his right to sue on it, *Hovey v. Sebring*, 24 Mich., 232.    Pleading the general issue to a declaration made in

a corporate character, admits that plaintiff is doing business and can sue in its corporate name, *Pegg v. Bidleman*, 5 Mich., 27; *Pratt v. Willard*, 6 McLean, 27.

MARSTON, J. Defendant in error commenced an action of assumpsit in justice's court to recover the amount due on a promissory note given by Locke to the company. The suit was commenced by summons returnable August 5th. On the return day after joining issue, counsel for defendant moved the court for a continuance of the cause on account of the sickness of the defendant. Plaintiff's counsel then admitted that the defendant had been sick and unable to attend to business on the previous day. An affidavit was filed setting forth that the defendant was still in a weak condition and that in the opinion of the deponent, the defendant was "too unwell to attend the trial of this cause, or do any business; that the defendant, deponent thinks, could not to-day, in safety to himself, leave his house on account of his ill-health, he being apparently quite unwell, and the weather being damp and rainy."

The court overruled the motion, and the parties proceeded to the trial of the cause, which resulted in the plaintiff's recovering judgment. The cause was then removed by *certiorari* to the circuit court, where the judgment of the justice was affirmed. The case comes here on writ of error.

The justice erred in not continuing the cause upon the showing made. It is not generally expected that parties will be prepared upon the return day of a summons in justice's court to join issue and at once proceed to a trial of the case upon the merits, and such is not the practice, and the showing for a continuance at such time is not required to be as full and complete as would be required at a later stage in the proceedings. Under the admission of counsel for the plaintiff as to the sickness of the defendant on the 4th of August, and the affidavit as to the continuance thereof on the 5th, if the justice had any discretion upon the subject it was a clear abuse of such discretion to refuse an adjournment. *Mercer v. Lowell Nat'l Bank*, 29 Mich., 248. In asking for an adjournment, on joining issue, and upon

such a showing, the motives of the defendant or his counsel in asking for such adjournment should not be too closely scrutinized and deemed improper upon mere assumption.

The note offered in evidence was endorsed "Pay H. A. Redfield, cashier, or order, for collection," and it is claimed that by this endorsement the plaintiff parted with all title and interest in the note and was not therefore entitled to recover. This position is not well taken; the endorsement is for a special purpose, that of collection only. If paid, the proceeds would have belonged to the plaintiff; the title to the note, and the proceeds thereof, when collected, remained in the plaintiff, *Sutherland v. First Nat. Bank,* 31 Mich., 232.

There was evidence in the case which warranted the justice in finding that plaintiff was a corporation.

For the error mentioned, the judgments of the circuit and of the justice's court must be reversed, with costs of each court.

The other Justices concurred.