———o———

AUGUSTUS READING, IMPLEADED WITH CATHARINE READING
v. SOLOMON M. BEARDSLEY.

*Promissory note—Copy attached to declaration—Severance.*

Endorsements for collection give no title to the collecting agent as against the owner of the note, and the latter in suing on it by copy may strike them out, together with the endorsements back to him.

A man and his wife were sued jointly on a note. The wife had signed as surety and as to her the statute of limitations had run, and the judge directed judgment in her favor for her costs and against her husband for the amount found due, with costs; he also ordered a severance of the parties on the record before judgment and the entry of separate judgments. *Held* that as this accomplished substantial justice without circuity, error would not lie on the ground that where two or more are sued jointly there should be a discontinuance against those not liable and an amendment to the declaration before any recovery could be had against the rest.

The provision in Comp. L., §§ 5776-8, authorizing the maker, indorser, acceptor and guarantor of a note to be sued together, and judgment against any one or more of them, does not contemplate severance in the case of persons purporting to be joint makers and sued as such.

Comp L., § 7162, allows judgment to be given against such defendants on a joint contract as remain liable while others are released by the statute of limitations, but does not apply to a case where one of the parties sued had never been bound at all.

Error to Van Buren. Submitted April 24. Decided June 10.

ASSUMPSIT. Defendant Augustus Reading brings error.

*Richards & Mills* for plaintiff in error.    Where suit is brought against joint debtors, recovery must be had against all or none, *Ballou v. Hill*, 23 Mich., 260; *Mace v. Page*, 33 Mich., 38; *Larkin v. Butterfield*, 29 Mich., 254; Chitty Pl., 44; and though the interposition of personal defenses by part of the defendants made an exception to the rule (*Hartness v. Thompson*, 5 Johns, 160; *Woodward v. Newhall*, 1 Pick., 500), yet even then judgment cannot be rendered in favor of one defendant and against another, but a *nol. pros.* must be entered as to the one who establishes a personal defense, and the plaintiff should be allowed to amend his declaration, *Harrington v. Thompson*, 9 Gray, 65; *DeVries v. Conklin*, 22 Mich., 260.

*N. A. Balch* and *W. G. Howard* for defendant in error.

GRAVES, J.  Beardsley brought this action by declaration on the common counts under the statute, against the Readings, to recover on their joint note made to him in October, 1866.  A copy of the note was given with the declaration according to usual practice.  They united in pleading the general issue, and gave notice of several matters of defense, and among them the statute of limitations, discharge in bankruptcy of Augustine Reading, and coverture of Catharine Reading.  The judge heard the case upon the evidence and made a specific finding.

Some years previously the note had been twice endorsed by Beardsley for collection merely, and then endorsed back to him, and before commencing suit he caused these endorsements to be erased, and they were not set out with the copy of the note appended to the declaration.  Supposing this omission to be a defect, the defense based an objection to the introduction of the note upon it, and it is now urged that it was incumbent on the plaintiff below to prove these endorsements, and that they were, therefore, required to be given with the copy of the note.  The point is not well taken.  The persons constituted agents to make collection never acquired any

title for their own account as against Beardsley by the endorsements. *Sutherland v. The First National Bank of Ypsilanti,* 31 Mich., 230; *Locke v. The Leonard Silk Co.,* 37 Mich., 479. And it was entirely regular to strike out these endorsements and proceed upon the note in the name of Beardsley as payee. They were not necessary to confer title. *Brown v. McHugh,* 35 Mich., 50, and authorities cited; *Dugan v. United States,* 3 Wheaton, 172; *Dollfus v. Frosch,* 1 Denio, 367; *Mottram v. Mills,* 1 Sandf. Sup. Ct. R., 37; *Watervliet Bank v. White,* 1 Denio, 608; *Manhattan Co. v. Reynolds,* 2 Hill, 140.

The judge found that the parties sued were husband and wife when they gave the note, and that Mrs. Reading signed only as surety in fact, and moreover that the statute of limitations had fully run as upon the claim made against her. He also found a state of facts establishing the husband's liability, and thereupon ordered that judgment be entered in favor of the wife for her costs, and that judgment be given against the husband for the amount found due upon the note, together with costs, and judgments were entered accordingly.

The husband complains that this was error, and that no judgment could be regularly given against him as the case was situated.

The ground taken is that when two or more are jointly sued on contract in this way, the general rule forbids recovery against less than all, the main reason being that the alleged liability and adjudged liability ought to correspond, and that liability of part is not the same as liability of all, and that where an exception is admitted in consequence of some defense which is merely personal, like infancy, it is still necessary, as a preliminary to any recovery against the others, that there should be a discontinuance as to the exempt party and an amendment of the declaration for the sake of harmony in the record.

There can be no question about the correctness in the main, of what is here stated, and no doubt the sense and spirit of the doctrine ought to be observed. It may

not be wise, however, to surrender to dry forms, and notwithstanding the attainment of the end, to exclaim against it because it was not reached through some technical mode rather than in another way quite as cheap, safe and convenient.

We are not prepared to agree with the counsel for defendant in error that the practice pursued is provided for by Comp. L., §§ 5776, 5777 and 5778, where the Legislature authorize all or any of the parties to a note to be included in one action; or by section 15 of the Statute of Limitations, Comp. L., § 7162, p. 1980. The provisions first referred to do not contemplate severance in the case of persons purporting to be joint makers, and who are so sued. This may be gathered from the whole law, which was taken from an act passed in 1832 and one passed in 1835 in the state of New York. Besides, the same construction was then put upon it more than forty years ago. *Bank of Genessee v. Field*, 19 Wend., 643. This case was subsequently disapproved, but not as to the point that the statute did not provide for severance in case of joint contractors. *Platner v. Johnson*, 3 Hill, 476; *Miller v. M'Cagg*, 4 Hill, 35.

The last mentioned provision contemplates a case where one or more joint contractors are relieved by the bar of the statute of limitations, and one or more others remain liable, and allows the giving of judgment against the latter, although the former cannot be held. As Mrs. Reading was incapable of binding herself, and did not bind herself, it is not perceived how it could be incumbent on her to base anything on the statute. But notwithstanding our inability to assent to the position taken on the part of defendant in error, we do not think the plaintiff in error makes out any case for reversing the judgment. In the first place we are unable to see how he is prejudiced. It must be admitted that if defendant in error had discontinued as against the wife before judgment, and had amended his declaration accordingly, the proceeding would have been free from error, and considering the present state of the record it is not perceived

how his situation would have been any better than at present.

The judge has found all the facts specially, and this finding is the same for this purpose as a special verdict. The truth is explained on the record. Moreover, a severance is ordered before judgment, on the face of the record, and separate judgments in conformity with this finding and order are required to be entered and are entered in pursuance of this requirement. Everything appears. There is no ambiguity and no real legal incongruity. The judgments appear to be legal consequents of the antecedent proceedings. The end reached is correct, and the means do not depart from principles settled by authority. In *Hartness v. Thompson*, 5 Johns., 160, the suit was on a joint and several promissory note made by Sarah Nelson while *sole*, and before her marriage with Thompson, and by Joseph Nelson. At the trial it was proved that Nelson was an infant, and defendant's counsel then moved for a non-suit. The judge refused and directed the jury to find a verdict against Thompson and his wife for the amount of the note, and a verdict for Nelson, and the jury so found. A motion was made to set aside the verdict, and the court referred to the English cases and declined to follow them, and observed that there would be no inconsistency upon the record after entering proper suggestions, that the parties should take judgment on the verdict as it stood. This case has been often approved. *Woodward v. Newhall*, 1 Pick, 500; *Minor v. Mechanic's Bank*, 1 Pet., 46; *United States v. Leffler*, 11 Pet., 86; *Tobey v. Claflin*, 3 Sumner, 379; *Slocum v. Hooker*, 13 Barb., 536.

We think the case before us is quite within the analogies of the authorities cited, and that no need exists for circumlocution or for any other kind of severance or suggestion than appears of record.

The judgment is affirmed with costs.

The other Justices concurred.