## JOSIAH B. TAYLOR AND RALPH B. HALL v. CHRISTOPHER DANSBY.

*Consideration for a note—Discontinuance for infancy as against a joint defendant does not release surety on appeal bond.*

A written agreement to pay all damages arising from a complaint for bastardy and in case of farther trouble from it, and that no farther damage should accrue against the respondent, was *held* a sufficient consideration for a promissory note.

In an action on a note given in consideration of an agreement to secure the respondent in bastardy proceedings from damages arising from the complaint, proof that the injured woman agreed to be satisfied with the arrangement made was no more than proof of its execution, and was *held* admissible.

Where a written agreement is shown as consideration for a note, but not referring to it or indicating what the entire dealings were, evidence of additional consideration is admissible.

Where an action on a note is appealed to the circuit court, and the surety on the appeal bond is impleaded as defendant, and the

'defendants show that one of the original promisors is an infant, the plaintiff can accept the infancy as a fact and discontinue as against him.

One who signs a note with an infant may be held as sole maker after discontinuance as against the infant.

Discontinuance may be had in the circuit court in an action brought up on appeal, as well as if begun there; and as it is contemplated by the appeal bond, does not release the surety on that bond.

Error to Ingham. Submitted Oct. 16. Decided Oct. 30.

ASSUMPSIT. Defendants bring error.

*Henry F. Higgins* for plaintiffs in error. Discontinuance as to any one defendant in an appealed case, discontinues the case, *Anderson v. Robinson*, 38 Mich., 407; any radical change in a case, made without the consent of the surety on the appeal bond, discharges him, *Evers v. Sager*, 28 Mich., 47; *Andre v. Fitzhugh*, 18 Mich., 95; a mere moral consideration cannot support an express promise, 1 Greenl. Ev. [5th ed.], 432; *Kaye v. Dutton*, 7 M. & G., 807; *Mills v. Wyman*, 3 Pick., 207; *White v. Bluett*, 24 Eng. L. & Eq., 434.

*A. D. Cruickshank* and *E. D. Lewis* for defendant in error. Where the defense of infancy is made on behalf of a joint maker of a promissory note, the plaintiff may admit the fact, discontinue as to the infant, and proceed only against the others, *Hartness v. Thompson*, 5 Johns., 160; *Slocum v. Hooker*, 13 Barb., 536; *Barlow v. Wiley*, 3 A. K. Marsh., 1263; *Robertson v. Smith*, 18 Johns., 459; *Cole v. Pennell*, 2 Rand., 174; *Exp. Nelson*, 1 Cow., 417; *Woodward v. Newhall*, 1 Pick., 500; *Cutts v. Gordon*, 13 Me., 474; *Tuttle v. Cooper*, 10 Pick., 281; *Noke v. Ingham*, 1 Wils., 90; *Judson v. Gibbons*, 5 Wend., 229; *Cruikshank v. Gardner*, 2 Hill, 333; where the plaintiff has a right to discontinue as against one defendant, a discontinuance does not release the surety on the appeal bond (*Minor v. Mech. Bank*, 1 Pet., 46) whose liability is

not increased by his doing so, Fell's Guaranty and Suretyship, 527; where only part of the consideration for a note is in writing, the whole may be proved, 1 Greenl. Ev. [12th ed.], §§ 285, 304; the settlement of a prosecution for bastardy is a valid consideration for a promissory note, *Haven v. Hobbs*, 1 Vt., 238; *Knight v. Priest*, 2 Vt. 507; 1 Pars. N. & B., 200; and in a suit on the note, evidence of what the injured woman said when notified of the terms of the settlement, is admissible, 1 Pars. Cont., § 44; 2 Greenl. Ev., § 66.

CAMPBELL, C. J. Dansby sued Taylor and one Frank Smith on a promissory note, given in settlement of a bastardy case in which Smith was the implicated party. Hall is surety on the appeal bond given to remove the judgment rendered before a justice against Taylor and Smith into the circuit court of Ingham county on appeal.

On the trial of the appeal evidence was put in on behalf of Taylor and Smith, showing Smith to be a minor. Thereupon plaintiff below was granted leave to discontinue as against the infant, and obtained judgment against Taylor, and then, under the statute, against the surety on the appeal bond. It is now claimed there was no authority for such a discontinuance in the appellate court, and that Hall was thereby discharged.

Inasmuch as the infancy of Smith was shown by the defendants themselves, plaintiff had a right to accept it as a fact and act accordingly. The note was valid against Taylor, who might be treated in such a case as sole maker,—the infant's liability being out of the way. *Cruikshank v. Gardner*, 2 Hill, 333; *Reading v. Beardsley*, 41 Mich., 123. The fact that the case was before the circuit court by appeal and not as an original action makes no difference under our practice. This was decided in *Chandler v. Lawrence*, 3 Mich., 261. And being within the ordinary powers of the circuit court on appeal, the resort to it is one of the incidents of the controversy covered by the appeal bond.

An agreement in writing appeared which was signed by Dansby and one Hill, whereby they agreed to settle and pay all damages arising from the complaint against Smith in regard to the young woman referred to, and that no further damage should accrue against Smith, and that in case of further trouble they would pay all damages.

On the trial Dansby was allowed under objection to show a further consideration for the note. The objection was that the whole agreement must be regarded as contained in the writing. But there is nothing in the writing to indicate this. It is an independent agreement, in no way indicating what the whole dealings were. It does not refer to the note at all, and does not raise any presumption that it covers any entire transaction. The testimony was clearly admissible.

We can see no objection to the proof offered that the injured woman agreed to be satisfied with the arrangement made by Dansby. It was no more than proof of the execution of the written agreement whereby Smith was to be protected against further liability.

As the agreement of Dansby covered all liability of Smith, and indemnified him against it, there is no ground for the objection that it was not a sufficient consideration.

There is no error in the judgment, and it must be affirmed with costs.

The other Justices concurred.