See note to this case in 30 N. W. Rep. 360.— REP.

---

MAYER, Appellant, vs. HOFFMAN, Respondent.

*November 4 — November 23, 1886.*

*Duress of imprisonment: Bastardy: Voluntary settlement.*

While under arrest in bastardy proceedings the plaintiff paid money in settlement thereof. No threats were made to extort such settlement, and the plaintiff did not then deny that he was the father of the child, but took a receipt by the terms of which he virtually admitted such paternity. Afterwards, in an action to recover the money as having been paid under duress of imprisonment, he denied the paternity. *Held,* that the payment was voluntary and the money could not be recovered.

APPEAL from the Circuit Court for *Sheboygan* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Conrad Krez,* and oral argument by *Paul T. Krez.*

For the respondent there was a brief by *Seaman & Williams,* and oral argument by *Mr. Seaman.*

ORTON, J. This action was brought by the appellant to recover $600 alleged to have been paid to the defendant under duress of imprisonment. The facts in evidence were, in substance, that the plaintiff had been arrested for bastardy on the complaint of Josephine Hoffman, the daughter of the defendant, and brought before a justice of the peace, and before the hearing the justice and several other persons advised the plaintiff that he had better marry

the complainant or settle with her, and the attorney of the complainant also so advised the plaintiff; and said attorney conducted the negotiations for a settlement on behalf of the complainant, and asked the plaintiff how much he would pay, and he replied, "$250;" and he was then informed that he must pay $700, and he then offered to pay $400, and then $450, and then his father told him that he should give $650; and it was then settled upon his payment of $600 and costs, and the whole amount was receipted for by the complainant, and the costs were paid, and $90 to the attorney, and the plaintiff was discharged. The plaintiff admitted in his testimony that he had sexual intercourse with the complainant, but at too late a period to make him the father of the child. There was no evidence that the defendant used any means, by threat, menace, or the imprisonment, to induce the plaintiff to pay the money; and, indeed, according to the evidence, he had scarcely anything to do with the settlement.. The plaintiff was advised by the justice and several others to marry the complainant, and he chose rather to settle the case by the payment of money, and did so freely and voluntarily rather than to await the result of the examination.

On the conclusion of the plaintiff's evidence, the circuit court granted a nonsuit, and we think properly. (1) There was no evidence to show that the defendant extorted or received the money; and (2) the evidence clearly shows that the plaintiff paid the money voluntarily in settlement of the case. The prosecution was not criminal, to punish the accused, but to enforce the natural obligation which the parent is under to support and provide for his offspring, legitimate or illegitimate. Ch. 64, R. S.; *State v. Jager*, 19 Wis. 235; *Rindskopf v. State*, 34 Wis. 225; *Baker v. State*, 65 Wis. 52. The consideration for the payment was a good one. He was charged with being the father of the child. He did not deny the charge, but expressed a wish to settle

with the complainant, and did settle with her through her attorney, and the money was paid to her attorney for her. It is true that on the trial of this case he denied being the father of the child, but there is no evidence of such denial at the time of the settlement. By the terms of the receipt he took, he virtually admits the charge. The receipt was: " In full satisfaction of all claim against John Mayer *by reason of his begetting upon me a child, which, when born, will be a bastard.*" The plaintiff testified that he could not read the receipt when given, and cannot now. But he was advised to employ counsel, and refused to do so, and his father participated with him in the settlement, and the person who furnished him the money was present and handed the money to the attorney of the complainant when the receipt was given, and it does not appear that they could not read. The pretext that he did not know what the receipt contained has no merit. Such settlements of bastardy cases are to be encouraged. *Maxwell v. Campbell*, 8 Ohio St. 265; *Hook v. Pratt*, 78 N. Y. 371; *Taylor v. Dansby*, 42 Mich. 82; *Bunn v. Winthrop*, 1 Johns. Ch. 329,— cases cited in respondent's brief.

The alleged errors in rejecting or receiving evidence on the trial are immaterial. According to the plaintiff's own evidence the money was not exacted or received by the defendant, and there was no duress *per minas* or of imprisonment to obtain it used by any one, and the settlement and payment were purely voluntary.

*By the Court.*— The judgment of the circuit court is affirmed.