UTTER v. OTTAWA METAL COMPANY.

1. WORKMEN'S COMPENSATION—SPECIFIC INJURIES.
    The right to workmen's compensation and the amount thereof for specific injuries are purely statutory (CL 1948, § 412.10).

2. SAME—LOSS OF PART OF EACH FINGER OF EACH HAND—TOTAL AND PERMANENT DISABILITY.
    Where plaintiff, a common laborer employed in the operation of metal shears, suffered the amputation of part of each of the 4 fingers on each hand, although thumbs were not injured and as a result of the injury he has lost much of the power to grasp but there is no impairment of motion in the stumps of the amputated fingers and plaintiff can do limited productive work through education, training and co-operation, the showing is insufficient to support an award for the loss of both hands resulting in total and permanent disability within the meaning of the workmen's compensation act (CL 1948, § 412.10).

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation, § 281.
[2] 58 Am Jur, Workmen's Compensation, §§ 287, 288.

Appeal from Workmen's Compensation Commission. Submitted October 13, 1949. (Docket No. 15, Calendar No. 44,417.) Decided December 8, 1949.

Warren Utter presented his claim for compensation against Ottawa Metal Company, employer, and Michigan Mutual Liability Company, insurer, for total and permanent disability. Award to plaintiff. Defendants appeal. Reversed and remanded for entry of award for specific loss.

*Joseph E. Arsulowicz* and *William A. Perkins,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

REID, J. This is an appeal in the nature of certiorari from an award of the State workmen's compensation commission awarding plaintiff compensation provided in the statute for total and permanent disability.

Plaintiff filed application for hearing and adjustment of claim dated April 6, 1948. Plaintiff appealed to the commission from an award by the deputy commissioner, June 14, 1948, which in practical effect disallowed the claim of plaintiff for permanent and total disability without prejudice. Plaintiff claims and the commission on review found that plaintiff had lost the industrial use of both hands and is permanently and totally disabled, from which award defendants appeal.

Plaintiff Warren Utter, aged 48, and living in Grand Rapids, was employed by Ottawa Metal Company. He operated metal shears and a punch press, having worked for said company for some 3 to 4 months, but had previously performed similar work for other employers for 6 or 7 years. On December 3, 1947, while plaintiff was trimming stock, the

blades on the shears tripped, catching plaintiff's fingers, resulting in amputation.

On the right hand, the thumb was not injured; the first finger has 2 phalanges amputated, the proximal joint remains; the second finger has 2 phalanges amputated, the proximal joint remains; the third or ring finger has 2 phalanges amputated, the proximal joint remains; the fourth or little finger is amputated through the tip of the distal phalange.

On the left hand, the thumb was not injured; the first finger has the 2 end phalanges amputated, a small portion of the middle phalange remains; the second finger has the 2 end phalanges amputated, the proximal joint remains; the third or ring finger has the 2 end phalanges amputated, the proximal joint remains; on the fourth or little finger only one joint is absent. There is about one-half inch more bone on each amputated finger on the left hand than on the right. The palm of neither hand was injured; only the fingers were involved.

Up to the time of hearing before the deputy commissioner, June 14, 1948, plaintiff had not worked since the date of injury, December 3, 1947. Both the deputy commissioner and the commission on review found plaintiff's work to be common labor. He earned an average weekly wage of $48. He was entitled to 185 weekly payments at $21 per week for the specific loss of the amputated fingers and has been and is being paid at that weekly rate since the injury, the propriety of the continuance of which payments is not disputed.

As a consequence of the amputation, plaintiff has lost much of the power to grasp. Any numbness he may experience is due to disuse. There is no impairment of motion in the stumps of the amputated fingers, they work pretty well. There is no dispute in the testimony but that the plaintiff can do limited

productive work through education, training and co-operation.

The commission in their finding say:

"It is apparent that no one would undertake· to employ plaintiff at common labor, his occupation at the time of the accident. He has no grip in either hand. He requires assistance for eating and in dressing. We are convinced from our review of the record and our observation of the remains of the hands, both from the photographs and plaintiff's personal appearance at the time of the review hearing, that plaintiff has lost the industrial use of both hands and is permanently and totally disabled."

The portion of the statute on which plaintiff relies for compensation (in addition to the compensation being received for the specific loss of the fingers) is as follows:

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any 2 thereof, shall constitute total and permanent disability." CL 1948, § 412.10 (Stat Ann 1947 Cum Supp § 17.-160).

In the recent case of *Hlady* v. *Wolverine Bolt Co.,* 325 Mich 23, 26, we held:

"The right to compensation and the amount thereof for specific injuries are purely statutory. To award plaintiff compensation for loss of a hand under this record would be in total disregard of the controlling statute * * * [citing CL 1948, § 412.-10]. As a matter of law the commission's award to plaintiff for the loss of a hand was erroneous, because there was no testimony that plaintiff's injury was other than the loss of 4 fingers of her right hand which resulted in no more than the normal impairment of industrial use which must always follow such amputations, or at least naturally and commonly results."

Each of the hands of plaintiff in this case is in better working condition than was the hand of Mrs. Hlady in the *Hlady Case* just cited, or at least, in no worse condition.

There is no testimony in the record in this case that plaintiff's disablement in the use of his hands is other or different from that which would naturally follow from the amputations described. There is nothing abnormal about the condition of the hands at the points of amputation or directly due to the amputations. The showing in this case is insufficient to support an award for the loss of both hands. The award by the commission is reversed. The matter is remanded to the commission with directions to enter an award that plaintiff has not suffered the loss of both hands to constitute total and permanent disability within the meaning of the statute, and continuing the direction for payments for specific loss of fingers as heretofore determined. Costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.