Phillips v. Mayer.

## PHILLIPS v. MAYER.

When the plaintiff employs an agent to collect a note due from defendant, and the defendant employs the same agent to collect other notes due him, and apply the same on plaintiff's note, and the agent fails, after collecting money on defendant's account: *Held*, that unless the appropriation was actually made, the loss occasioned by the failure of the agent must fall on the defendant.

APPEAL from the Superior Court of the City of San Francisco.

Lydia Phillips sued Mayer in the Court below, on a note, and prayed that a certain mortgage, given as security, be foreclosed. The answer of the defendant contained the plea of payment, and also set up matter in the nature of a cross bill, praying that the note and mortgage be canceled. On the trial, it appeared that plaintiff had placed Mayer's note in the hands of one Hermann, for collection, and that afterwards the defendant, Mayer, appointed Hermann his agent for the purpose of collecting certain rents and notes, and paying therewith plaintiff's debt. That Hermann collected for Mayer altogether about the sum of five thousand two hundred dollars, which was two thousand three hundred dollars more than plaintiff's debt. That he did not endorse any payment whatever on the Phillips note, nor had he marked it paid, but had simply credited Mayer on his books with the money received for him, and had made no charge thereon against plaintiff. The Court gave the following charge:

"That if the jury believed, from the evidence, that Hermann was the agent of both parties, to collect and receive moneys, and he collected and had in his possession money of the defendant,

Phillips v. Mayer.

which the defendant required him to apply on the note and mortgage—if the application was not in fact made, then the plaintiff is entitled to recover.

"2. The transfer must either have been made upon the books of the agent, or he must have surrendered the note, or endorsed it satisfied, or done some other act that clearly indicated that the money was appropriated for the payment of the plaintiff's debt."

The jury found a verdict for plaintiff, and the defendant appealed.

*Samuel H. Brodie* for Appellant.

Hermann's failure to make proper entries in his books could not affect the rights of defendant, Mayer, and the introduction of such testimony is error. 2 Sandf. Ch. R., 225; Rhodes and Whitney v. Hinkley, Cal. Sup. Ct., Sept., 1856.

Where collateral security is received for a debt, with power to convert it into money, which is executed, and the proceeds exceed the debt, the debt is *de facto* paid; for the same person being the party to receive and pay, no act applying the money to the debt, is necessary, as the law makes the application. Hunt v. Nevers, 15 Pick. R., 500.

If a debtor deliver to his creditor a draft for money, with directions to apply the proceeds to a particular liability, the creditor is bound by the application as much as if the payment had been in money. Moorhead v. West Branch Bank, 3 Watts and Serg. R., 500.

As the evidence shows payment, the appellant is entitled to a decree, removing at once this cloud from his property, as prayed for by him.

*Williams, Shafter & Park,* for Respondent.

Wherever payment is pleaded, these two things are to be considered:

1. The acts performed.
2. The intention.

Where the money is transferred by the debtor, acting in person, to the creditor, acting also in person, the purpose of the transfer alone remains to be considered.

So where the transfer is to a person who is altogether the agent of the creditor.

In these cases, where the debtor's intention was to pay, and the intention of the creditor was to receive pay, the payment is a fact accomplished as soon as the transfer of the money is effected.

But in this case, Hermann was not solely the agent of Phillips. He acted in a double capacity, and here we have the source of

Phillips *v.* Mayer.

whatever difficulty there is in the case, and it can be best solved by a consideration of the true relations of the parties.

1. The relation between plaintiff and Hermann. Hermann was her agent to collect the note. His commission under her had that precise extent, and no more. It contemplated herself, him, Mayer, and Mayer's general estate, and had no reference whatever to any particular fund, or funds.

The purpose and point of the commission was to pursue Mayer. And there is no evidence that she ever dreamed of his taking service under Mayer.

2. The relation between Hermann and Mayer. Mayer, also, had work of his own to be done, and he gave Hermann a commission to do it for him. He was about to leave the country, and having rents to collect, he employed Hermann to collect them. He had a note to collect, and he authorized Hermann to collect that, too. By this commission, Hermann was set on Mayer upon pursuing his tenants and his debtors, of whom Phillips knew nothing whatever.

But Mayer not only had debts to collect, but he had the Phillips note to pay. This was his duty and proper business; and he therefore deputes Hermann to pay it out of collections made of his debtors. To this destination of those particular collections, Phillips was neither party nor privy, however; that all lay in the behest of Mayer.

Applying them was due and owing to Mayer, and if he failed to do it, it was a breach of faith to Mayer alone, and the loss must be Mayer's alone.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., and BURNETT, J., concurring.

There was no error in the instructions of the Court. Hermann was the agent of the plaintiff to collect the note, and was also the agent of the defendant to collect certain other notes due the defendant, and to apply the proceeds to the payment of the note due to Phillips.

Unless this appropriation of the money so collected was, in point of fact, made, the loss must fall on the defendant, and not upon the plaintiff. The record shows, that there never was such an application of the funds collected, neither is there any evidence of a single act which would tend to raise the presumption.

It is contended, however, that the law made the application. The law does not apply money until it has passed from the debtor; so long as it remains in the hands of the debtor, or his agent, it may be diverted for any other purpose, and there can be no legal appropriation thereof.

The answer of the Court to the instruction asked by the jury, must be taken in connection with the previous instructions given,

as well as the evidence in the case; and when taken in this light' is not erroneous.

The Court improperly admitted testimony to show how much the plaintiff had lost by the failure of Hermann; but this seems to have been done as an offset to similar evidence, going to show that the defendant was also a loser from the same cause. The admission of this evidence was an irregularity; but, under the circumstances, it ought not to vitiate the judgment. The facts found by the verdict are conclusive.

Judgment affirmed.