Pease *vs.* Dibble & Bunce.

---

T. P. PEASE, plaintiff in error, *vs.* DIBBLE & BUNCE, defendants in error.

Where a defendant in execution placed a claim in the hands of plaintiffs' attorney with instructions to collect the same and to apply it to the *fi. fa.* against him, and said attorney collected the claim but failed to apply it as

directed, the plaintiffs are not bound to recognize such collection as a pay-ment to them. As to the said claim, the attorney represented the defend-ant in *fi. fa.*, and not the plaintiffs.

Judgments. Attorney and client. New trial. Before Judge TOMPKINS. McIntosh Superior Court. November Term, 1875.

The following, taken in connection with the decision, suffi-ciently reports this case :

Defendant moved for a new trial on the following, among other grounds :

1st. Because the jury found contrary to that part of the charge which stated that payment to an attorney is payment to his client.

2d. Because of the newly discovered evidence of J. W. Fan-nin, who would testify that he had been consulted by defend-ant in regard to the case at bar ; that he afterwards met Bacon, and spoke to him about it, and that the latter intimated that defendant's claim of payment was correct.

W. U. GARRARD ; W. A. WAY, for plaintiff in error.

R. E. LESTER ; W. R. GIGNILLIAT, for defendants.

WARNER, Chief Justice.

This case came before the court below on a *scire facias* to revive a judgment. The defendant pleaded that the judg-ment had been paid, and on the trial of that issue, the jury, under the charge of the court, found a verdict in favor of the plaintiffs. The defendant made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendant excepted.

The evidence in the record, as to the payment of the judg-ment, was conflicting, and the charge of the court was quite as favorable to the defendant as he was entitled to under the evidence. It appears from the defendant's own testimony, that whilst the plaintiffs' claim was in the hands of Bacon, as their attorney, for collection, that he also placed in Bacon's

hands a claim of his own, against another person, and instructed him to collect the same and apply it to the payment of the plaintiffs' judgment, which he agreed to do; that he collected the money and failed to apply it as instructed. So far as the collection of the claim placed in Bacon's hands by the defendant, with instructions as to the application of the proceeds thereof, when collected, was concerned, Bacon was the attorney of the defendant, and not the attorney of the plaintiffs, and it does not appear that they had any knowledge of the transaction between Bacon and the defendant whatever. If Bacon has collected money for the defendant on claims placed in his hands, and has failed to apply the same, as instructed, or to properly account therefor, then he must proceed against Mr. Bacon, and not charge the plaintiffs with it, who had nothing to do with that matter, so far as it appears from the evidence in the record before us.

There was nothing in the motion for a new trial, on the ground of newly discovered evidence, which would have authorized the court to grant it.

Let the judgment of the court below be affirmed.