## PRICE *vs.* WHITE *et al.* .

Where a defendant in *fi. fa.* placed in the hands of an attorney, who represented the plaintiff in *fi. fa.*, certain claims, with instructions to collect them and apply the proceeds to this and another execution, and the attorney collected the claims, but failed to settle the *fi. fa.*, the plaintiff, who had no notice thereof, was not bound to recognize such collection as payment to him. As to the claims so placed in his hands, the attorney represented the defendant in *fi. fa.*, and not the plaintiff.

April 10, 1883.

Attorney and Client. Judgments. Debtor and Creditor. Before Judge FAIN. Bartow county. At Chambers. October 24, 1882.

Price filed his bill against White as plaintiff in *fi. fa.*, Johnson as his attorney, and Franklin, the sheriff, for the purpose of enjoining a *fi. fa.* in favor of White, usee, against Hood, Johnson, complainant and others, from proceeding to subject the property of complainant. The bill

alleged, in brief, as follows: Plaintiff in *fi. fa.* obtained the judgment on which said *fi. fa.* issued on September 11, 1860, for $106.60 principal, besides interest and costs. Shortly before, or soon after, this judgment was rendered, Price placed in the hands of Abda Johnson about $3,000.00 worth of notes and accounts, on which the latter collected a large sum of money, to-wit, $200.00 or $250.00, (the exact amount of which complainant cannot state with certainty) which said Johnson told him he (Johnson) had collected, held up and taken on said *fi. fa.* and one other, in favor of Brown, governor, for use of Sloan, *vs.* said Price *et al.* Abda Johnson was the attorney at law for said plaintiffs in said *fi. fas.*, and in that capacity got the aforesaid money which he collected for complainant, who thought the *fi. fa.* was long ago settled. Complainant was security only in the judgment and *fi. fa.*, and Johnson and his father were also securities. He was unable to file his affidavit of illegality, because he could not state with certainty the exact amount of money said Johnson received on said notes and accounts.

On motion, the bill was dismissed for want of equity, and complainant excepted.

W. T. WOFFORD; C. D. McCUTCHEN; J. M. NEEL, for plaintiff in error.

GEO. S. JOHNSON, for defendant.

JACKSON, Chief Justice.

This bill was filed to stop the levy of a *fi. fa.* in favor of White *vs.* the plaintiff in error, Abda Johnson and others, on the ground that Johnson was a co-surety with the plaintiff in error, and collected enough money to pay off the *fi. fa.* from said plaintiff, on other claims put in his hands, and failed to pay it off. The bill was dismissed for want of equity.

We are unable to see any error in it. Conceding that

the allegation is sufficient to charge Johnson as attorney for White on White's claim, it was for the plaintiff in error that he collected it on other claims of the plaintiff in error, and White had nothing to do with his breach of trust, being a stranger to the transaction. The case is covered by that of *Pease vs. Dibble & Bunce*, 57 *Ga.*, 446. White had no knowledge at all of any such arrangement between Johnson, who was attorney for plaintiff in error to collect and apply those claims, and the plaintiff in error. White was no party to the contract. It is not alleged that Johnson acted as his agent or by his authority. He has a right to collect his debt out of any and all of the defendants, and to leave them to settle equities *inter sese* between themselves after paying him. There was no error in dismissing the bill.

Judgment affirmed.