## JACKSON *vs.* THE MAYOR, ETC. OF ROME.

J. was arrested for disorderly conduct, and in the municipal court, before which he was arraigned, was fined, and paid his fine. He was represented on this trial by one W., an attorney at law. He was required by the mayor to find bail for his appearance before the superior court for carrying concealed weapons. In default of bail, the mayor instructed the marshal to allow J. to turn over to him $25. This was done by W., the attorney. The money was paid over to the treasurer of the city by the marshal, and subse-

quently the treasurer paid it to W., the attorney of J. J., having been informed of the matter, gave an order to a creditor of his on W. for the money, which the latter failed and refused to comply with. J. then brought suit against the city:

*Held* that, under the facts, the city was authorized to pay the money to W., as the attorney of J., and such payment was a full discharge of its liability.

December 21, 1886.

Attorney and Client. Payment. Municipal Corporations. Before Judge BRANHAM. Floyd Superior Court. March Adjourned Term, 1886.

Reported in the decision.

HENRY WALKER, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, for defendants.

BLANDFORD, Justice.

Jackson was arrested for disorderly conduct and was brought before the city authorities and fined in the sum of twenty-five dollars, which he paid; he was represented in this trial by Henry Wright, an attorney at law. He was required by the mayor to find bail for his appearance before the superior court for the offence of carrying concealed weapons. In default of bond, the mayor instructed the marshal to allow Jackson to turn over to him twenty-five dollars; this was done by Wright, Jackson's attorney. This money was paid over to the treasurer of the city by the marshal, under the order of the mayor. After this, the treasurer paid the money to Wright, the attorney of Jackson, and Jackson, having been informed about the matter, gave an order to a creditor of his on Wright, requesting him to pay the money to his creditor, which Wright failed and refused to do. Jackson then brought suit in justice's court against the city of Rome for the twenty-five dollars he had turned over to the mar-

shal in lieu of bail. He obtained judgment, and upon *certiorari*, the superior court held that the city of Rome was not liable to plaintiff, under the facts, and this ruling is excepted to and error assigned to the same.

We are of the opinion that the facts fully warranted and justified the city of Rome in concluding that Wright was Jackson's attorney, and that the city might well pay the money to the attorney. The attorney had represented the plaintiff on his trial for disorderly conduct; he had also paid the money to the marshal for the plaintiff; besides, Jackson, when he was informed that the money had been paid over to Wright, as his attorney, gave an order to Wright to pay the money to a third party. We think that, taking these facts into consideration, the payment by the city of the money to Wright, as plaintiff's attorney, was a full discharge of the city's liability. The conduct of Jackson, in holding Wright out, as his attorney, was such as that, if loss accrue thereby, he must suffer the loss, and not the city.

Judgment affirmed.