## HATCH *v.* HUTCHINSON.

### Opinion delivered May 15, 1897.

NOTE—PAYMENT.—In a suit upon a note, it is no defense that the maker placed in the hands of the payee's attorney holding such note for collection certain notes and accounts to be collected, and that certain amounts were collected on them by the attorney, but not credited or applied on on the note sued on, unless such arrangement was concurred in by the payee. (Page 120.)

Appeal from Howard Circuit Court.

WILL P. FEAZEL, Judge.

*W. C. Rodgers* and *W. M. Greene*, for appellant.

Appellee was entitled to no credits, except such as were appropriated by Downs & Sutton as payments on the note. 70 Ga. 381; 57 Ga. 446; Weeks, Attys. (2 Ed.), p. 482; 6 Humph. (Tenn.), 62; 18 Am. & Eng. Enc. Law, p. 194, footnote.

*D. B. Sain* and *R. G. Shaver*, for appellee.

Downs & Sutton were appellant's agents, and, they having collected more than enough to pay the note, appellant is bound. 5 D. & B. 735; 3 B. & B. 843; 4 Ad. & El. 64; 5 N. & M. 466; 52 Barb. (N. Y.), 627; 14 La. An. 361; 28 W. Va. 333; 64 Tex. 108; 77 Ind. 567.

BATTLE, J. This action was instituted by Hatch against Hutchinson before a justice of the peace, and was taken by appeal to the Howard circuit court. It was founded on a promissory note executed by Hutchinson to Hatch for $106, and ten per cent. per annum interest thereon from the 18th of June, 1887. The note is credited as follows: $20 on February 9, 1888; $20 on March 2, 1889; $11.20 on June 14, 1890; and $25.00 on November 10, 1890. The amount sued for is the balance remaining after the deduction of these credits. The defendant admitted the execution of the note, and the credits, but alleged that the note was placed in the hands of certain attorneys by plaintiff for collection, and that thereafter, before this suit was brought, he placed notes and accounts in the hands of the same attorneys, with instructions to collect them and appropriate the proceeds to the payment of the note executed by him, and that they collected various sums on the same, for which he received no credit. The evidence adduced in the trial of this action tended to prove these allegations. But there was no evidence to show that the arrangement made by the defendant with the attorneys was entered into by the procurement or authority of plaintiff. It is contended, however, that the reception of the money by the attorneys upon the claims placed in their hands by the defendant became, upon its collection, the property of the plaintiff, and a payment on the note sued on. But this is not true. The authority to collect the claims of the defendant was not derived from the plaintiff. In such collection the attorneys acted as the agents of the defendant, and when they received the money it was the property of the defendant. It could not become a payment on the note sued on until it was so applied or appropriated. Until then, plaintiff could have no right to it. As there was no evidence of any such application or appropriation,

the plaintiff is entitled to a judgment for the amount sued for. *Pease* v. *Dibble*, 57 Ga. 446; *Price* v. *White*, 70 Ga. 381; *Kenny* v. *Hazletine*, 6 Humph. 62.

The judgment of the circuit court is therefore reversed, and judgment for the balance of the note sued on, remaining after the deduction of the credits indorsed thereon, will be rendered here in favor of the plaintiff against the defendant.