## SIXKILLER *v.* ROGERS.

### Opinion delivered January 20, 1900.

DRAFT—APPROPRIATION OF PROCEEDS.—Where a vendee of land before his death drew a draft on a third party in favor of his agent, to whom he sent it for collection, without instructions. to apply the proceeds to payment of the purchase money of the land, though such was the vendee's intention, and the agent procured its allowance against the vendee's estate, and then assigned the claim to the administrator thereof, who canceled the allowance, the vendor's heirs were not entitled to have such cancellation vacated, since no relation of trust existed between the vendor and the agent. (Page 357.)

Appeal from Sebastian Circuit Court in Chancery, Ft. Smith district.

EDGAR E. BRYANT, Judge.

*Ben T. Duval*, for appellants.

A constructive trust arose in favor of the appellants, as against Turner, by reason of his preventing them from collecting their demand from the Rogers' estate. Story, Eq. Jur.

§§ 1250, 1251, 1255, 1256, 1258; 2 Pom. Eq. Jur. §§ 1044, 1053; 51 Ark. 351; 1 Lewin, Tr. 180; Perry, Tr. 166; 51 Cal. 158; 43 Vt. 48; 16 Wis. 91; 6 Lans. 368; 113 U. S. 89.

*Jno. H. Rogers, pro se.* ·

*Ira D. Oglesby*, for appellees. '

No constructive trust arose in favor of appellants. 152 Ill. 651. The death of Rogers revoked Turner's authority to collect the draft. Story, Ag. §§ 488, 489; 8 Wheat. 174; Tied. Comm. Pap. §§ 89, 158; 4 Pet. 344; 1 Am. & Eng. Enc. Law, (2 Ed.) 1222 *et seq*; Laws. Cont. § 366; 3 Sandf. Ch. 94. The judgment of the probate court approving the final settlement and discharging the administrator, being prior to this suit, bars it. Sand. & H. Dig., § 140; 34 Ark. 71. The judgment rendered by the probate court probating the claim of Turner & Byrne, having been obtained through fraud, is void. 2 Pom. Eq. Jur. § 919.

*Ben T. DuVal*, for appellants, in reply.

Appellants were entitled to be subrogated to the rights of Turner & Byrne under their probated claim against the estate. Harris, Sub. § 1.

BATTLE, J. Samuel Sixkiller, a Cherokee Indian, died intestate, leaving Francis Sixkiller, his widow, Eliza E. Sixkiller, Emma Sixkiller, Samuel Sixkiller, Fannie Sixkiller, Cora Sixkiller, and Rachael Sixkiller, his children, surviving him. At the time of his death he was in possession of certain real estate in the town of Muscogee, in the Indian Territory. Shortly after his death his widow died, leaving a last will and testament, by which she devised this real estate to Rachel, Cora, Francis and Samuel Sixkiller, who were her children, and nominated and appointed A. W. Robb, N. B. Moore and James W. Stapler, executors of the same, and requested them to sell or rent the said real estate, as to them may seem most advantageous to the devisees. The will was never probated, and Robb, Moore and Stapler never qualified as executors. Nevertheless Robb and Moore, in the month of September or October, 1889, undertook to bargain and sell the real estate to William H. Rogers

at and for the sum of one thousand dollars. On the fifth day of October, 1889, Rogers drew a draft in favor of Turner & Byrne, of Muscogee, in the Indian Territory, on Carnall Bros. of Fort Smith, Ark., for the sum of $1,200. A short time after this Rogers died. The draft was not paid; neither was the $1,000, for which the real estate was sold, paid. Letters of administration on the estate of Rogers was granted by the probate court of Sebastian county, n this state, to J. H. Carnall. The draft, authenticated by the affidavit of C. W. Turner, who was a member of the firm of Turner & Byrne, was presented to and disallowed by the administrator, and after that was allowed in favor of Turner & Byrne by the probate court of Sebastian county. On the 24th of August, 1891, C. W. Turner, as the successor to Turner & Byrne, assigned the allowance of the draft against the estate of William H. Rogers, deceased, to John H. Rogers and James H. Clendening, as trustees for the heirs of William H. Rogers; and on the 12th of December, 1891, the trustees canceled and set aside the same. On the 31st of August, 1893, Eliza E. Evans, born Sixkiller, and Emma, Samuel, Fannie and Cora Sixkiller, by their guardian, the said Eliza E. Evans, instituted an action against John H. Rogers, J. H. Clendening, C. W. Turner and the heirs and administrator of William H. Rogers, deceased, to set aside the assignment and cancellation of the allowance, claiming that the draft was drawn for the purpose of paying the $1,000, and that Turner & Byrne undertook to collect it, and out of the proceeds pay the $1,000. The defendants answered. At the hearing the foregoing facts were proved, and it was also shown that all dealings and communications with Turner & Byrne in respect to the draft were with C. W. Turner and no one else. Evidence tending to prove other facts was adduced by both parties, and in some respects it was conflicting. The court, having heard all the evidence adduced, found the facts as follows: "That when Wm. H. Rogers, deceased, delivered the draft for $1,200 described in the complaint to C. W. Turner, it was delivered by him and taken by Turner, as agent, and for collection for the said W. H. Rogers; that the proceeds of the said draft, when collected, were intended by said W. H. Rogers,

at the time he delivered the same to Turner, to be used in buying and paying for the property of plaintiffs, and Turner knew this, but did not advance any money or have any interest in said draft himself, and did not agree with any one to pay the proceeds thereof to the plaintiffs, or to hold it for their benefit, his agreement being solely to the effect that he would collect the proceeds (draft) for W. H. Rogers." Upon these findings of facts, the court declared the law to be "that no trust relation, express, implied or constructive, existed between Turner and plaintiffs, as to said draft, and that its probate by Turner against the estate of W. H. Rogers, deceased, was improper, and conferred no interest therein, by trust or otherwise, to the plaintiffs, and therefore held that there was no equity in the bill, and dismissed the same."

We think that the findings of facts by the court were sustained by the preponderance of the evidence, and that the declarations as to the rights of the plaintiffs were correct. If Turner had collected the draft, the money would have belonged to W. H. Rogers. No part of it could become a payment of the amount due the plaintiffs, although it was so intended, until it was applied and appropriated by Rogers to that purpose. Until then plaintiffs could acquire no right to any part of it. *Hatch* v. *Hutchinson*, 64 Ark. 119. This being true, plaintiffs are entitled to no relief in this action.

Decree affirmed.