DRIVER *v.* PLANTERS' MUTUAL INSURANCE ASSOCIATION OF ARKANSAS.

Opinion delivered March 3, 1906.

FIRE INSURANCE—PAYMENT.—Where a policy of fire insurance provided that it should not be binding so long as the premium note remained unpaid, evidence that insured, on being notified by a bank that the premium note was held by it for collection, went to the bank, where he had funds sufficient to pay it, and notified the cashier to pay the note, but that he drew no check in payment, and that no entry was made on the bank's books, and no credit was given to the insurance company until after the fire occurred, was insufficient to prove payment.

Appeal from Mississippi Circuit Court; *Allen Hughes,* Judge; affirmed.

*W. J. Lamb,* for appellant.

If, having money on deposit in the bank sufficient for the purpose, plaintiff requested the cashier to apply the money on deposit to the payment of the note, which the cashier agreed to

do, this would constitute a payment, even though the cashier failed to remit it to the defendant. 52 Minn. 83; 38 Am. St. Rep. 526; 94 Am. Dec. 51.

*J. W. & M. House,* for appellee.

There was no payment. The money on deposit was under plaintiff's dominion, subject to his order at all times until after it was appropriated, which was not done until after the fire. 2 Jones' Law (N. C.), 199; 40 Kan. 744; 85 Mo. 173; 12 N. Y. Sup. 433; 15 Johns. 224; 120 Pa. 441; 57 Ala. 20; 2 Watts & Serg. (Pa.), 70. It was plaintiff's duty to see that his agent, the cashier, made the application of the money in payment of the note. 31 Mich. 230, 232; 7 Cal. 83; 120 Pa. St. 453; 22 Gratt. (Va.), 352; 17 Atl. 50.

Battle, J. Planters' Mutual Insurance Association of Arkansas insured certain property of Jettie Driver against fire, and received his note for $88 for the premium. The policy of insurance in reference to the note provided: "If paid on or before maturity, all interest waived, said amount being for cash premium on my insurance this day applied for; and it is further agreed that, if this note is not paid at maturity, the whole amount of assessment on said insurance shall be considered as earned, and the contract be null and void, so long as this note remains overdue and unpaid."

The property insured was destroyed by fire. The question is, was the note paid?

The note was sent to the bank at Osceola, Arkansas, about the latter part of October, 1903, for collection. The insurance company and the bank notified Driver that the note was sent there. The proof on the part of Driver was that he went to Osceola after he had been notified and before the fire; that he "went to the bank and found no one there, but he met the cashier some two hundred yards from the bank, and told him to pay the note, and he promised to do so; that Driver had money on deposit in the bank sufficient to cover the note; that no check was drawn; and no entries made on the books of the bank charging Driver with the amount of said note, and no credit given to the Insurance Company until after the fire occurred. Several days, and perhaps several weeks, according to the contention of Driver, had inter-

vened between the time he told the cashier to pay the note and the date of the fire, and he made no effort to see whether the note had really been paid or not until after the fire."

The money to the credit of Driver in the bank was never applied to the payment of the note. The bank gave no credit to the insurance company on its books for the note or charged Driver with the amount thereof until after the fire, but until then treated it as unpaid and uncollected. There was no payment. *Hatch* v. *Hutchinson,* 64 Ark. 119; *Sutherland* v. *First National Bank of Ypsilanti,* 31 Mich. 230; *Hecksher* v. *Shoemaker,* 47 Pa. St. 249; *Phillips* v. *Mayer,* 7 Cal. 81; *Cavanaugh* v. *Buehler,* 120 Pa. St. 441, 453; *Pease* v. *Dibble,* 57 Ga. 446; *Price* v. *White,* 70 Ga. 381; *Kenny* v. *Hazeltine,* 6 Humph. 62.

The effort to pay the note after the fire was too late to save the insurance.

Judgment affirmed.