## WHATLEY *v.* CARPENTER.

No. 14959.   OCTOBER 7, 1944.

*R. L. Maynard,* for plaintiff in error.

*II. B. Williams* and *Hollis Fort,* contra.

ATKINSON, Justice. (After stating 'the foregoing facts.) A controlling question is whether the attorney who prepared the contract of sale at the instance of the real-estate agent represented the defendant, or whether he represented the petitioner. In other words, was the attorney authorized by the defendant to receive for her either the money or a check. The Code, § 9-606, provides: "Without special authority, attorneys cannot receive anything in discharge of a client's claim but the full amount in cash." As to the right of an attorney generally to accept payment for his client, see: *Pease* v. *Dibble,* 57 *Ga.* 446; *Price* v. *White,* 70 *Ga.* 381; *Jackson* v. *Rome,* 78 *Ga.* 343; *Sonnebom* v. *Moore,* 105 *Ga.* 497 (30 S. E. 947); *Kaiser* v. *Hancock,* 106 *Ga.* 217 (32 S. E. 123); *Roland* v. *Roland,* 139 *Ga.* 825 (2, 3) (78 S. E. 249).

If the attorney was the agent of the defendant, the legal aspect of her relations to him and her transactions with him would be different from what they would be in the event that he represented the petitioner. The evidence would have authorized the jury to have found either way as to this question. The undisputed evi-

dence was that the real-estate agent interested the petitioner in the property; and that, without communicating with the defendant, he carried the petitioner to the office of the attorney and the contract was drawn. A check for $300 was left by the petitioner with the attorney. This check was never accepted by the defendant. If the jury believed that the attorney had not been employed by the defendant or had been employed only to prepare an abstract of title, it could not be said that the attorney would have been authorized to accept a check for the purchase-price of the property. Furthermore, if the jury found that the attorney represented the petitioner, then any tender of the purchase-price to the attorney would have been a tender by the petitioner to his own agent.

Under the pleadings and the evidence the court erred in directing a verdict, because there were issues of fact which should have been submitted to the jury.

*Judgment reversed. All the Justices concur.*